■ MINERVA HERNANDEZ, Appellant, v CITY OF NEW YORK et al., Defendants, and LIRO GROUP, LTD., et al., Respondents. [674 NYS2d 412] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Polizzi, J.), dated May 13, 1997, which granted the motion of the defendants Liro Group, Ltd., and Liro Consulting Engineers, P. C., for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with costs.

Pursuant to their contract with the defendant City of New York, the defendants Liro Group, Ltd., and Liro Consulting Engineers, P. C. (hereinafter collectively Liro), were the resident engineers on a 60-block-long roadway resurfacing project, and had the responsibility of monitoring the contractors on the project.

The plaintiff was injured after being thrown from a motorcycle when the defendant Luis Cabassa lost control of the motorcycle after driving over a hole in the roadway. On the date of the accident, however, neither the general contractor, nor any of the subcontractors that were being monitored by Liro, had undertaken work on that portion of the roadway. Thus, contrary to the plaintiff's contentions, Liro had no obligation to monitor the site of the accident and, under the circumstances, cannot be held liable for a condition that it concededly did not create (see, Pulka v Edelman, 40 NY2d 781). Rosenblatt, J. P., Copertino, Goldstein and Luciano, JJ., concur.